**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ISAIAH S. HARRIS SR., | ) | CASE NO. 1:26-cv-718 |
| | ) | |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER OF TRANSFER |
| ANGELA STUFF, WARDEN, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

On August 6, 2026, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the petition for a writ of habeas corpus (Doc. No. 1) filed by *pro se* petitioner, Isaiah Harris Sr., be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. (Doc. No. 13 (R&R).) Now before the Court are petitioner's objections to the R&R. (Doc. No. 14 (Objections).) For the reasons that follow, the Court OVERRULES the objections, ADOPTS the R&R, and TRANSFERS this action to the Sixth Circuit as a successive petition.

## I. BACKGROUND

The facts of this case are set forth in more detail in the R&R. The Court summarizes the most salient facts as follows: in 2009 petitioner was convicted in state court of rape, aggravated burglary, intimidation, domestic violence, and violating a protection order in three consolidated criminal cases. (Doc. No. 13, at 4[1] (citing state court record).) At the sentencing hearing, the trial

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system. Unless otherwise noted, all record cites are to N.D. Ohio Case No. 1:26-cv-718.

court imposed a mandatory post-release control ("PRC") term of five years in the third case. (*Id.* (quoting state court record ("Upon your release you will be placed on 5 years mandatory post-release control.")).) Notwithstanding this oral pronouncement, the journal entry, dated May 20, 2009, reflected a mandatory term of PRC "up to a maximum of 5 years" in the third case. (Doc. No. 1-7 (May 20, 2009 Journal Entry), at 13.) On December 1, 2009, the trial court signed a *nunc pro tunc* order conforming the journal entry to the sentence imposed at the hearing. (Doc. No. 1-9[2] (December 1, 2009 Nunc Pro Tunc Order).) Specifically, the journal entry was corrected by striking the "up to a maximum of" language and replacing it with "The court has further notified the defendant that post conviction control is mandatory for 5 years[.]" (*Id.* at 6.)

On April 18, 2014, petitioner filed a federal habeas petition, attacking his 2009 state court criminal judgments. (N.D. Ohio No. 1:14-cv-846, Doc. No. 1 (Petition).) The petition was denied as time-barred, and this Court declined to issue a certificate of appealability. (N.D. Ohio No. 1:14-cv-846, Doc. No. 27 (Memorandum Opinion and Order), at 2–3.)

On March 25, 2026, petitioner filed the present habeas petition, again challenging the 2009 convictions. (*See generally* Doc. No. 1 (Petition).) Many of the grounds also addressed the propriety of the December 2009 *nunc pro tunc* order. (*See generally id.*) On May 20, 2026, respondent, Warden Angela Stuff, moved to transfer the present habeas petition to the Sixth Circuit as a second or successive petition. (Doc. No. 9 (Motion)); *see* 28 U.S.C. § 2244(b)(3) (A habeas petitioner must obtain authorization from the appropriate appellate court before filing a successive petition). Petitioner opposed the motion, arguing that his second-in-time petition is not successive because the December 2009 *nunc pro tunc* order operated as an intervening judgment that reset

---

[2] The *nunc pro tunc* order was filed on December 2, 2009. (*Id.* at 1.)

the counter for federal habeas petitions. (Doc. No. 10 (Opposition).)

The magistrate judge recommended granting respondent's motion and transferring the petition as successive to the Sixth Circuit. (Doc. No. 13, at 1.) In the R&R, the magistrate judge determined that the December 2009 *nunc pro tunc* order was neither an intervening judgment nor a new one. (*Id.* at 20.) As to the former, the magistrate judge observed that the *nunc pro tunc* order was entered years before either habeas petition was filed and could not, therefore, be considered an intervening judgment from which a new petition could be filed. (*Id.* (citing *In re Stansell*, 828 F.3d 412, 413, 420 (6th Cir. 2016)). It also did not qualify as a new judgment, and, in fact, was not a judgment at all. (*Id.* at 20–21.) Rather, the magistrate judge determined that the *nunc pro tunc* order merely corrected the May 20, 2009 journal entry so that it properly reflected the sentence that was imposed at the hearing. (*Id.* at 21 (citing *In re Stansell*, 828 F.3d at 420).) The magistrate judge also determined that the grounds in the present petition, including the grounds attacking the December 2009 *nunc pro tunc* order, were ripe at the time of the filing of the first petition because they addressed alleged errors that occurred before the 2014 petition was filed. (*Id.* at 21–22.) Therefore, the R&R recommends a finding that the present grounds could have been brought in the 2014 habeas petition. (*Id.* at 22.) Additionally, the magistrate judge rejected petitioner's argument that his 2024 applications for a writ of mandamus and prohibition, respectively, constituted intervening judgments "because they d[id] not substantively alter the sentence pursuant to which [petitioner] is held in custody, much less impose a 'new, worse-than-before sentence[.]" (*Id.* at 21 (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)).)

Petitioner objects to the R&R, raising many of the same arguments he raised in opposition to respondent's motion to transfer. He argues, once again, that the December 2009 *nunc pro tunc*

order issued by the trial court "substantially and substantively changed the terms under which [petitioner] is held in custody . . . [t]hus restarting the second or successive count." (*Compare* Doc. No. 14-1, at 3; *with* Doc. No. 10, at 2.) In particular, he claims that the trial court's order had the effect of changing the period of PRC imposed from a discretionary term to a mandatory one. (Doc. No. 14-1, at 9.) While he acknowledges that the trial court announced at the sentencing hearing that his 5-year PRC term for the third case was to be mandatory, he believes that this oral pronouncement was invalid because an Ohio court only "speaks through its journal entry[.]" (*Id.* at 7 (quotation marks and citations omitted).) Petitioner also suggests that the magistrate judge misunderstood the purpose of his applications for writs. (*Id.* at 12.) Because he was not permitted to challenge the December 2009 *nunc pro tunc* order during his original state court direct appeal, he insists that he was required to do so "by extraordinary means within his 2024 writs of mandamus and prohibition." (*Id.* at 12.)

## II. ANALYSIS

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'

as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Where proper objections are made, the court conducts its de novo review under the deferential standards of review in 28 U.S.C. § 2254(d)(1)–(2). *See Harris v. Stoval*, 212 F.3d 940, 942 (6th Cir. 2000) (variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 398 (2000) to explain the standard).

Having conducted a *de novo* review of the R&R, the Court is not persuaded by petitioner's arguments. The Court agrees with the magistrate judge that the December 2009 *nunc pro tunc* did not represent a new judgment from which a second-in-time habeas petition could be taken. That said, petitioner is generally correct that a subsequent order that adds a period of PRC is an amended judgment which restarts the counter for federal habeas petitions. (*See* Doc. No. 14-1, at 9–10 (citing *In re Stansell*, 828 F.3d at 419).) In *In re Stansell*, a case upon which petitioner relies heavily, the Sixth Circuit explained that "[w]hen a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.'" 828 F.3d at 418. "That means it has created a new judgment for purposes of the second or successive assessment." *Id.*

But that is not what happened here. Instead of adding a new term of PRC to an existing judgment, the trial court merely corrected the journal entry so that it conformed to the sentence, which already contained a 5-year mandatory term of PRC that was announced at the hearing. (*See* Doc. No. 13, at 4 (quoting state court record ("Upon your release you will be placed on 5 years mandatory post-release control.")).) The Sixth Circuit, in *In re Stansell*, specifically recognized

that "[w]hen courts use nunc pro tunc entries in this manner—to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records—[the Sixth Circuit] do[es] not regard the corrected entries as new judgments for purposes of the second or successive requirements." *Id.* at 420. Accordingly, the order did not constitute a new judgment, and petitioner's reliance on *In re Stansell* is misplaced.

In further distinguishing *In re Stansell*, the magistrate judge correctly noted that, there, in addition to adding a new term of PRC, the *nunc pro tunc* order at issue was entered between the filing of the petitioner's two habeas petitions. (Doc. No. 13, at 20 (citing *In re Stansell*, 828 F.3d at 413, 420).) The Supreme Court has recognized that "[w]here . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Magwood v. Patterson*, 561 U.S. 320, 341–42, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) (quotation marks and citation omitted). Petitioner's objections ignore what the magistrate judge correctly recognized; that, in contrast to the situation in *In re Stansell*, the December 2009 *nunc pro tunc* order in the present case was issued *several years before* the first federal habeas petition was filed in 2014. (*See* Doc. No. 13, at 20.) Where the purported amended judgment is issued before the first habeas petition is filed—and the petitioner's grounds for relief arose before the filing of the original petition—the amended judgment cannot serve as the basis for taking a second petition. *Burton v. Stewart*, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (finding no intervening judgment where the amended judgment was already in place before petitioner filed his first petition); *see, e.g.*, *Dangerfield v. Warden, London Corr. Inst.*, No. 1:19-cv-755, 2019 WL 7020386, at *3 n.3 (S.D. Ohio Dec. 20, 2019) ("Because the operative 2013 judgment was in effect at the time petitioner

filed his initial, 2015 habeas corpus petition, petitioner's argument" that a 2018 judgment "prevents this habeas corpus petition from being second or successive is without merit." (citing *Magwood*, 561 U.S. at 338–39 (further citation omitted))).

Finally, petitioner complains that the magistrate judge misunderstood the purpose of his 2024 applications for writs. (Doc. No. 14-1, at 12.) Regardless of the impetus for the filings, neither the applications, nor their denial by the Ohio Supreme Court, resulted in "new, worse-than-before sentence[s]" from which a new federal habeas petition may be taken as a matter of right. *See Crangle*, 838 F.3d at 678 (citation omitted).

## III. CONCLUSION

Consistent with the recommendations in the R&R, the Court finds that the instant petition is a "second or successive" petition, and that it must be transferred to the Sixth Circuit for authorization. Accordingly, petitioner's objections are OVERRULED, the R&R is ADOPTED, respondent's motion to transfer (Doc. No. 9) is GRANTED, and the Clerk is ORDERED to TRANSFER this habeas petition to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED**.

Dated: August 31, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**